Turley, J.
delivered the opinion of the court.
This bill is filed by the complainant to be relieved from the effect of three assignments made to the defendant, of a portion of a decree rendered in his favor at the October term, 1838, of the chancery court at Franklin, for the sum of $7428 18, against Jesse Wharton et cds.
It appears from the pleadings and proof in the case, that on the 4th of January, 1840, a tract of land in Davidson county, *521 belonging to tbe estate of Jesse Wharton, was exposed to public sale under this decree, and was purchased by the defendant, Samuel Watkins, at the price of $17,061 90, who executed his three several. notes therefor, payable in one, two, and three years, equal annual instalments. That George M. Deaderiqk was interested in the decree as devisee of George M. Deaderick, dec’d., that he was in necessitous circumstances, and was about 23 years of age, when he, on the 17th day of October, 1840, drew an order upon the clerk and master of the chancery court at Franklin, directing him to pay defendant, Watkins, $325," out of the proceeds of said decree: and on the 1st of March, 1841, two other orders in favor of defendant, one for $300 and the other for $200, to be paid out of the same; that these three orders were paid with interest from their date, on the 1st of March, 1841, amounting then to $968 92, not in money, but by a credit on one of the notes executed by the defendant, for the purchase money of the land bought by him under the decree.
The bill charges that the defendant paid $100, for the order of $325, and $150 for those of $300 and $200. The answer of defendant admits that these orders were bought for less than the amount called for in them; but what the amount paid for them, was not recollected — there was an interlocutory decree by which it was referred to the clerk and master to take an account, stating the^ amount of money actually advanced by the defendant, for the purchase of the three orders, who reported that he had caused the defendant to come before him, and had examined him on interrogatories in relation thereto, when he stated, that he did not recollect the amount advanced by him on the first order of $325, but that it was more than $175. Whereupon it was decreed that the defendant should be allowed $125, as an advance on the first order, and $175 as an advance on the other two, with interest; and that he should *522 refund to the complainant the balance, with interest, amounting at the time of the decree to the sum of $632 18, with interest from 11th September, 1845.
Prom this decree defendant appeals to this court.
Under all the circumstances of this case, we are satisfied the chancellor did right in holding these several orders, as only security for the amount advanced by the defendant. Dead-erick was a young, inexperienced man, but just arrived at age: the owner of a handsome legacy, which he was compelled to sue for, and for which he had obtained a decree, under which, property had been sold and bought by the defendant, more than sufficient for its payment; there was no doubt or difficulty about the title to this property.
Deaderick was in necessitous circumstances, and impelled by them, did on the 18th of October, 1840, less than three months before the first payment for the tract of land purchased by the defendant, under the decree, was due, transfer to him $325 thereof, for a sum, we are satisfied, grossly inadequate; and did also on the 1st of March, 1840, two months after the first payment from the defendant was due, transfer to him the further sum of $500 thereof for a sum also grossly inadequate. We are constrained to this belief, from the mode in which defendant has answered the bill and amended bill of complainant, and interrogatories before the master.
It is in vain for the defendant to attempt to protect himself from the consequences of such an assignment, by alleging his ignorance of defendant’s age and necessitous condition; the legal right he had to purchase an interest in the decree, and the inconvenience he may have been put to in advancing the money. A sufficient answer to all this, if there were none other, is that the fund was yet in the custody of the court of chancery: that the defendant, by purchasing the land under the decree had become quasi a party to the proceeding; that *523 the court was competent to protect the fund against his rapacity, and would have done so upon application, by compelling him to pay the full amount of the orders, before it would have decreed him the legal title to the land. The defendant, then, does not stand as a stranger to this transaction, who has innocently purchased an interest in the decree, but he is in a position to have his conscience affected, and to be compelled to refund the amount received by him over and above the amount advanced.
But it is argued that this amount cannot be ascertained, as the defendant has forgotten how much it was, and the complainant has not stated it on oath — the complainant charges «in his bill, that it was $250; defendant answers that it was more than that — but how much more, he does not recollect. Upon more particular examination before the clerk and master, he says the first advancement was more than $120, and the second more than $175; but how much more he does not recollect. Whereupon the chancellor allowed him the $120 and $175; to this he can have no reasonable objection: because, 1st, he, under the circumstances, had no right to speculate in the decree. 2nd. He admits that he did so, but to what extent he does not recollect. 3rd. This want of recollection shall not defeat the complainant’s right to relief, but the same shall be decreed to him by approximating as near to the amount as the proof will warrant. 4th. Because this approximation i¡3 made by allowing the highest sum specified by the defendant himself, as the probable amount advanced by him; if this be not sufficient, he must bear the loss, rather than the complainant, because he has been in fault, and it is his own misfortune not to have had a better memory. If he had denied the allegation in the bill, and claimed to have advanced the full value of the orders, the complainant must have proven the amount; but when he admits that he did not advance the full value, the burden of the proof is shifted to his own' *524 shoulders. The admission, is sufficient to warrant a decree charging him with the orders: and when he asks to be allowed for the advance actually made, he himself, to use a military phrase, assumes the initiative, and must prove his demand. This he has done, upon his own -oath, so far as he can, and has had a decree for the amount, with which he must be content. Let the decree of the chancellor be affirmed.